# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0544V
### Filed: August 3, 2018
UNPUBLISHED

---

NATASHA ITCHKAVICH,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

---

*Franklin John Caldwell, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 18, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury as a result of receiving an influenza ("flu") vaccination on October 7, 2015. Petition at. On May 1, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 38).

On July 11, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42.) Petitioner requests attorneys' fees in the amount of $14,008.30 and attorneys' costs in the amount of $610.75. *Id.* at 1. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2. Thus, the total amount requested is $14,619.05.

On July 24, 2018, respondent filed a response to petitioner's motion.  (ECF No. 43).   Respondent states that "does not object to the overall amount sought" (Id. at 1). Respondent also states that "lack of objection to the amount sought should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.* at 1.

On July 25, 2018, petitioner filed a reply.  (ECF No. 44).  Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

Attorney Franklin John Caldwell billed 6.1 hours in 2018 at a rate of $391 per hour.  (ECF No. 42-1 at 14). The undersigned shall reduce Mr. Caldwell's hourly rate to the previously awarded rate of $385 for 2018.  *See Roetto v. Sec'y of Health & Human Servs.,* No. 16-0018V, 2018 WL 3031026, at *2 (Fed. Cl. Spec. Mstr. March 29, 2018) (setting Mr. Caldwell's rate for 2018). This results in **a reduction of fees in the amount of $36.60.**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $14,582.45[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Franklin John Caldwell. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.